UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

BELINDA F. NORWOOD,

               Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

               Defendant.

2:18-cv-01985-GMN-VCF

**REPORT AND RECOMMENDATION**

MOTION TO REMAND [ECF NO. 18]; CROSS-MOTION TO AFFIRM [ECF NO. 19]

This matter involves Plaintiff Belinda Norwood's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Before the Court are Norwood's Motion for Remand (ECF No. 18) and the Acting Commissioner's Cross-Motion to Affirm and Opposition to Plaintiff's Motion for Reversal (ECF Nos. 19). For the reasons stated below, the Court recommends denying Plaintiff's Motion to Remand and granting the Commissioner's Cross-Motion.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security Plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a Plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited.  *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence).  If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  The Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

The Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process for determining whether an individual is disabled.  20 C.F.R. § 404.1520.  The ALJ concluded Plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 30, 2015. (AR[1] at 52). The ALJ found Plaintiff had numerous severe impairments which "significantly limit the ability to perform basic work activities." (*Id.*).  These were: disorder of the cervical spine, disorder of the knees, and trigger finger, bilaterally.  (*Id.*). The ALJ concluded Plaintiff's right ankle arthritis and mental impairments of affective/mood disorder are non-severe impairments because they do not cause more than minimal limitations in the Plaintiff's ability to perform basic work activities (*Id.* at 53-54). The ALJ found

---

[1] The Administrative Record ("AR") is found at ECF No. 17-1.

Plaintiff's impairments did not meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (*Id* at 55.). The ALJ concluded Plaintiff had the residual functional capacity to perform light work except that she can stand and/or walk for a cumulative total of 4 hours in an 8-hour workday; only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; occasionally perform overhead reaching with her left upper extremity; frequently, but not continuously, perform fingering and handling bilaterally.   (*Id*.). The ALJ concluded that Plaintiff can never climb ladders/ropes/scaffolds and must avoid concentrated exposure to hazardous machinery, unprotected heights, and operational control of moving machinery. (*Id*.). The ALJ found Plaintiff can perform past relevant work as benefits clerk because this position does not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity. (*Id*. at 58). The ALJ also found that Plaintiff meets the insured status requirements of sections 216(i) and 223 of the Social Security Act. (*Id*. at 52). Overall, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act from April 30, 2015 through the date of the decision on December 22, 2017. (*Id*. at 27).

Plaintiff challenges the ALJ's conclusions on three grounds: 1) the ALJ improperly rejected the opinions of Plaintiff's treating doctor and erred in failing to find Plaintiff's medical impairments to be severe; 2) the ALJ improperly rejected Plaintiff's testimony; and 3) the ALJ improperly rejected the lay witness testimony. (ECF No. 18 at 2-3). Specifically, Plaintiff argues the ALJ improperly gave "partial weight" to Dr. Mitchell's statements and that the ALJ rejected Dr. Mitchell's opinions regarding Plaintiff's mental impairments because Dr. Mitchell is a general physician, and not a mental health specialist.  (ECF No. 18 at 9-10).  Plaintiff argues the ALJ failed to provide clear and convincing findings in support of the ALJ's rejection of Plaintiff's testimony.  (ECF No. 18 at 13).  Plaintiff also argues the ALJ should not have rejected the statements made by a lay witness because of her status as a layperson.  (ECF No. 18 at 13-14).

The Commissioner argues the ALJ's decision is supported by substantial evidence. (ECF. 19 at 1). The Commissioner asserts the ALJ properly discounted Dr. Mitchell's opinion of disability because that opinion was inconsistent with the specific limitations identified in Dr. Mitchell's same opinion letter. The Commissioner argues the inconsistencies within the letter constitute a legitimate basis for rejecting the report because the letter is self-contradictory. (ECF No. 19 at 4). The Commissioner states the ALJ properly gave reduced weight to Dr. Mitchell's opinion regarding mental impairments when the ALJ found Plaintiff's mental impairment not severe because of inconsistencies within Dr. Mitchell's treatment notes and opinion letter, due to the State agency review physician's opinion of the impairment, and due to Dr. Mitchell being a general practitioner. (ECF No. 19 at 5-7). The Commissioner argues the ALJ properly discounted Plaintiff's testimony due to inconsistencies with the medical evidence, Plaintiff's conservative treatment, and inconsistencies between activities and assertions of disabling pain. (ECF No. 19 at 8-11). Lastly, the Commissioner argues the ALJ properly rejected statements made by a lay witness because the ALJ satisfied the standard for discounting a lay opinion when the ALJ pointed out inconsistencies between the medical evidence and the layperson's opinion. (ECF No. 19 at 11-13).

The Court finds the ALJ applied the correct legal standards and made conclusions supported by substantial evidence when giving partial weight to Plaintiff's treating physician, Dr. Bennett Mitchell and for discounting the testimony of Plaintiff Norwood. However, the ALJ improperly afforded no weight to the opinion of the lay witness. The Court finds harmless error in rejecting this opinion as it does not change the conclusions of the ALJ's opinion.

## I.    Discounting the Opinion of Plaintiff's Treating Doctor

Generally, more weight is given to the opinion of a treating source than the opinion of a doctor who did not treat the Plaintiff. See *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Medical opinions and conclusions of treating physicians are accorded special weight because these physicians are in a unique position to know Plaintiffs as individuals, and because the continuity of their dealings with

Plaintiffs enhances their ability to assess the Plaintiffs' problems. See *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

"[A]n [ALJ] may disregard medical opinion that is brief, conclusory, and inadequately supported by clinical findings." *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015) (per curiam). Treating physicians' uncontroverted "ultimate conclusions . . . must be given substantial weight; they cannot be disregarded unless clear and convincing reasons for doing so exist and are set forth in proper detail." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

The ALJ gave clear and convincing reasons set forth in proper detail for giving partial weight to statements submitted by Plaintiff's treating physician, Dr. Bennett Mitchell. (AR at 57). Dr. Mitchell's statements concluded Plaintiff has been unable to work as of 30 April 2015. (AR at 425, 618). However, the specific physical limitations provided in Dr. Mitchell's medical source statements support the ALJ's determination that Plaintiff's limitations are consistent with light work. (AR at 55-57, 425, 618). This inconsistency within the medical source statements, in addition to the objective medical evidence in the record, support the ALJ's finding that Plaintiff is able to work within the limitations expressed by Dr. Mitchell.

Evidence supports the ALJ finding that Dr. Mitchell's finding of mental impairment rendering Plaintiff unable to work, because she would be unable to handle the stress of a work environment, is inconsistent with the medical record. (AR at 57). Dr. Mitchell's treatment notes do not mention anxiety or panic attacks prior to the medical source statement from October 2015. Additionally, Plaintiff's therapy notes from June 2017 indicate progression as Plaintiff transitioned from bi-weekly appointments to monthly appointments and discussed discharge. (AR at 587-588). Plaintiff's medical history supports the ALJ's finding that Plaintiff's anxiety and panic attacks are non-severe. The ALJ finding that the objective medical evidence in the record does not support Dr. Mitchell's conclusion, that Plaintiff's anxiety and

panic attacks render Plaintiff unable to work because she would be unable to handle the stress of a work environment, is supported by substantial evidence.

## II.   Discounting the Plaintiff's Testimony

The ALJ must evaluate the Plaintiff's testimony using a two-step analysis. *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the Plaintiff presented objective medical evidence of an underlying impingement which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "Second, if the Plaintiff meets this first test, and there is no evidence of malingering, the ALJ can reject the Plaintiff's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). General findings are inadequate as the ALJ must identify what testimony is not credible and what evidence undermines the Plaintiff's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (AR at 56). However, the ALJ found the Plaintiff's statements concerning the "intensity, persistence, and limiting effects of these symptoms" to be inconsistent with the medical evidence and other evidence on the record. (AR at 56). The ALJ discounted Plaintiff's assertions of disabling pain because of inconsistencies with the medical record, conservative treatment, and inconsistencies with Plaintiff's daily activities. (AR at 56). The ALJ therefore provided specific, clear and convincing reasons for discounting Plaintiff's testimony.

### A.  Conservative Treatment

The ALJ found Plaintiff has treated conservatively for her impairments. "Evidence of conservative treatment is sufficient to discount Plaintiff's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). "Conservative treatment can suggest a lower level of both pain

and functional limitation, justifying an adverse credibility determination." *Childers v. Berryhill*, 2019 U.S. Dist. LEXIS 57474, at *21 (D. Nev. Mar. 12, 2019).

Plaintiff was not recommended for surgery by an orthopedic surgeon and did not seek a second opinion from an orthopedic specialist regarding a referral for surgery. (AR at 56). Plaintiff has instead continued to see her treating physician, Dr. Mitchell, for pain management and continues to go to physical therapy. (AR at 56). As of June 21, 2017, physical therapy was resulting in mild improvement with shoulder pain decreased. (AR at 535). The ALJ determined Plaintiff's pain to be well-controlled with "medication, steroid injections, and physical therapy." (AR at 56). Plaintiff's medical record supports this finding.

## B.  Inconsistencies in Plaintiff's Testimony

The ALJ found Plaintiff's complaints were inconsistent with her daily activities as they were not "limited to the extent one would expect given the complaints of disabling symptoms and limitation." (AR at 56). An ALJ may use daily activities to form the basis of adverse credibility determination when the activities "involv[e] the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ may consider any of the Plaintiff's daily activities that "may be seen as inconsistent with the presence of a condition which would preclude all work activity." *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990).

The ALJ found Plaintiff's allegations of functional limitations to be inconsistent with her activities of daily living. (AR at 56). Plaintiff's daily activities include driving to doctor's appointments, going shopping, grocery shopping, laundry, using a computer, going to church weekly, cooking meals, washing dishes, lightly mopping, going out to eat with family, among other activities. (AR at 56, 107-113, 274-278). Plaintiff also reported that she uses a walker while walking or shopping in stores. (AR at 56, 280). She wears an ankle brace three to four times a week when she goes out. (AR at 113). Plaintiff has flown

out-of-state with her daughter, volunteered at church summer camp, and dog sat. (AR at 601, 603). Plaintiff reported that she can only sit, stand, or walk for a short period of time. (AR at 112). The ALJ found these activities rendered Plaintiff's allegations of disability less persuasive. (AR at 56).

The Court finds the ALJ provided clear and convincing reasons for discounting Plaintiff's assertions of disabling pain. Plaintiff's conservative treatment, inconsistencies with the medical record, complaints inconsistent with Plaintiff's daily activities sufficient to find the Plaintiff is limited to less than the full range of light work as detailed by the ALJ.

### III.    Discounting Lay Witness Testimony

The ALJ afforded no weight to Plaintiff's sister's testimony. When determining whether a Plaintiff is disabled, an ALJ must consider the lay witness testimony concerning Plaintiff's ability to work. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F. 3d 1050, 1053 (9th Cir. 2006). The ALJ may discount the testimony of a lay witness but must give "germane reasons" as to each witness. *Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th. Cir. 2018). Lay testimony is competent evidence and cannot be disregarded without comment. *Molina v. Astrue*, 674 F.3d 1104, 1114.

Contrary to the Commissioner's argument, the ALJ improperly discounted the opinion of the lay witness. The ALJ "afforded no weight" to the lay witness's opinion because she was "not a medical source." (AR at 57). The ALJ determined the lay witness's opinion "less persuasive than the opinions of medical professionals," and therefore "not competent to argue the severity of the Plaintiff's symptoms" (AR at 57). The ALJ's failure to provide germane reasons for discounting the lay witness's testimony was in error.

### IV.    Conclusion

The Court finds the ALJ applied the correct legal standards and made conclusions supported by substantial evidence when giving partial weight to Plaintiff's treating physician, Dr. Bennett Mitchell, and for discounting the testimony of Plaintiff Norwood. However, the ALJ improperly afforded no weight to

the opinion of the lay witness. The Court finds harmless error in discounting this opinion as it does not change the conclusions of the ALJ's opinion.

Error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004); see also *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). The general principle is that an ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir.2008); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006).

The Commissioner did not err in denying Norwood's claim. The Court finds the ALJ applied the correct legal standards and made conclusions supported by substantial evidence when giving partial weight to Plaintiff's treating physician, Dr. Bennett Mitchell and for discounting the testimony of Plaintiff Norwood. The ALJ's failure to provide germane reasons for discounting the lay witness's testimony was inconsequential to the ultimate nondisability determination in this matter. The error in this instance was harmless and therefore does not negate the validity of the ALJ's conclusion.

ACCORDINGLY,

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Remand is DENIED (ECF No. 18) and the Acting Commissioner's Cross-Motion to Affirm and Opposition to Plaintiff's Motion for Reversal is GRANTED (ECF No. 19).

DATED this 18th day of November, 2019.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE