# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BELINDA F. NORWOOD, )
                                              )
                Plaintiff, )      Case No.: 2:18-cv-01985-GMN-VCF
     vs. )
                                              )              **ORDER**
ANDREW SAUL, Acting Commissioner of )
Social Security, )
                                              )
                Defendant. )

Pending before the Court is the Motion for Reversal and/or Remand, (ECF No. 18), filed by Plaintiff Belinda F. Norwood ("Plaintiff"). Defendant Andrew Saul ("Defendant") filed a Response, (ECF No. 20), and a Counter-Motion to Affirm Agency Decision, (ECF No. 19). These motions were referred to the Honorable Cam Ferenbach, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). On November 18, 2019, Judge Ferenbach entered the Report and Recommendation ("R&R"), (ECF No. 21), recommending that Plaintiff's Motion for Remand be denied and Defendant's Counter-Motion to Affirm be granted. Plaintiff then timely filed an Objection, (ECF No. 22).

## I. BACKGROUND

Plaintiff brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) against Defendant in his capacity as the Commissioner of the Social Security Administration.[1] (Compl., ECF No. 4). Plaintiff seeks judicial review of the final decision by the Commissioner of the Social Security Administration, wherein the Commissioner denied Plaintiff's application for

---

[1] Plaintiff brought this action against Nancy A. Berryhill, who was the acting Social Security Commissioner when this action began. Andrew Saul is now the acting Commissioner and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

social security disability benefits.

Plaintiff applied for disability benefits on May 15, 2015. (Admin. Record ("AR") at 50, ECF No. 17-1). Her application was denied, however, on December 22, 2017, by an Administrative Law Judge ("ALJ"). Plaintiff then appealed the ALJ's decision to the Appeals Council, but the Appeals Council similarly denied Plaintiff's application for benefits on August 10, 2018. (*Id.* at 1). Accordingly, on December 12, 2018, Plaintiff initiated this action seeking to reverse or remand the decision of the ALJ and Appeals Council.

On November 18, 2019, Judge Ferenbach entered the R&R, (ECF No. 21), recommending that Plaintiff's Motion to Remand this action to the Social Security Administration be denied, and Defendant's Cross-Motion to Affirm be granted. Plaintiff timely filed an Objection to the R&R on December 2, 2019.

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

## III. DISCUSSION

Plaintiff objects to Judge Ferenbach's R&R on three grounds. First, she argues that the ALJ did not apply proper weight to medical records or statements from her treating physician, Dr. Bennett Mitchell; and the R&R failed to recognize that error. (Obj. at 2–3). Plaintiff next objects to the R&R because it should have found that the ALJ wrongly gave less than full weight to her testimony about being unable to sustain a full workday "at even the sedentary level." (*Id.* at 6). Last, Plaintiff contends that the R&R properly recognized the ALJ's error in

disregarding the testimony of her sister, Pauline Baggett-Jefferson, but the R&R improperly concluded that the error was harmless. (*Id.* at 6–7).

The below discussion addresses each of Plaintiff's objections in turn. The Court's role is to determine if the ALJ's decision is either not supported by substantial evidence in the record or was decided under the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012)  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)).

**A. Objection One**

When addressing Plaintiff's medical conditions, the ALJ found that objective medical evidence in the record did not support Plaintiff's claimed level of severity in pain and corresponding limitations. (ALJ's Decision, AR 56–57). The ALJ supported that finding by pointing to Plaintiff's medical records revealing decreasing pain due to physical therapy and medication. (*Id.*). Further, the ALJ found that the letters and statements from Plaintiff's treating physician, Dr. Mitchell, attesting to Plaintiff's inability to work, were inconsistent and deserved only partial weight. (*Id.*). Judge Ferenbach found that substantial evidence in the record supported the ALJ's determinations, and that the ALJ gave "clear and convincing reasons" for giving only partial weight to Dr. Mitchell's opinions. (R&R 5:12–15).

Plaintiff argues in her Objection that, contrary to the ALJ's decision and the R&R, objective medical evidence establishes debilitating medical issues of severe degenerative disc disease and stenosis in Plaintiff's spine, severe degenerative changes in Plaintiff's knees and hips, and "trigger finger" in both hands. (Obj. at 2–3). Plaintiff adds that medical records show her severe mental impairment as stated by Dr. Mitchell due to anxiety and panic attacks, which the ALJ failed to fully credit when determining disability.  Further, Plaintiff contends that each

of her conditions have worsened over time and failed to respond to multiple treatment interventions. (*Id.* at 3). Plaintiff thus requests that the Court not adopt the R&R's conclusion on this issue and instead find that the ALJ improperly weighed Dr. Mitchell's opinion.

Upon *de novo* review of the R&R, the Court largely agrees with Judge Ferenbach's conclusion that the ALJ gave clear and convincing reasons for applying partial weight to Dr. Mitchell's opinion of disability. The ALJ noted inconsistencies on the severity of Plaintiff's symptoms between reports and statements. For instance, as the ALJ stated, neither Dr. Mitchell's most recent medical source statement before the ALJ's decision nor prior medical source statement from 2015 support Plaintiff's claimed "severe limitations" of being unable to sit, stand and/or walk for a standard 8-hour workday. (ALJ's Decision, AR at 57) (citing July 21, 2017 Medical Source Statement, Ex. 20F to AR, ECF No. 17-1). Also, the ALJ noted how Dr. Mitchell's July 21, 2017 statement opined less severe limitations as well as findings that support "light work" capabilities. (July 21, 2017 Medical Source Statement, Ex. 20F to AR) (opining that Plaintiff "should have no extended long periods of standing or walking over 3 hours without breaks"); (ALJ's Decision, AR at 57) (explaining how Dr. Mitchell's July 21, 2017 opinion is consistent with industry-standard work schedules). Likewise, the ALJ explained why it relied in part on the Disability Determination Services' ("DDS'") findings that Plaintiff's "knees, neck, and bilateral hand pain is well-controlled with pain medication, periodic injections and physical therapy." (ALJ's Decision, AR at 58). These findings are consistent with Plaintiff's medical records. (*See* June 21, 2017 Progress Note, Ex. 18 F to AR at 535, ECF No. 17-1) ("Patient continues to receive physical therapy with mild improvement"); (July 21, 2017 Progress Note, Ex. 19F to AR at 587–88, ECF No. 17-1) (noting that Plaintiff "reported stable mood," was progressing, and that appointments would be extended to "monthly"); *Cf. Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the

purpose of determining eligibility for SSI benefits.").

The ALJ also gave clear and convincing reasons to conclude that Plaintiff's mental impairments are non-severe because they "do not cause more than minimal limitation in . . . [the] ability to perform basic mental work activities." (ALJ's Decision, AR at 54). Again relevant to the ALJ's determinations were inconsistencies between Dr. Mitchell's official statements and treatment notes. (*Id.* at 57) ("Dr. Mitchell's treatment notes do not even mention panic attacks and Dr. Mitchell does not mention anxiety and panic attacks in his prior letter from October 2015"). Further, the ALJ explained reasons for relying on DDS' opinion that Plaintiff's mental condition posed only mild difficulties and was non-severe. (*Id.* at 54). While Plaintiff attributes error to the R&R in making a *post hoc* rationale to support the ALJ's decision as to the severity of Plaintiff's mental health symptoms, the R&R cited the same medical records as those discussed in ALJ's decision. (*Id.*) (citing Progress Notes, Ex. 19F to AR, ECF No. 17-1) (dated 1/4/2016 to 7/03/2017, showing appointments extended to a "monthly" basis); (R&R 5:16–6:2).

Plaintiff is correct, however, in her contention that the ALJ committed error by applying less weight to Dr. Mitchell's testimony about her mental health impairment because Dr. Mitchell was not a psychologist, psychiatrist, or specialist in mental health treatment. (*See* ALJ's Decision, AR at 57) ("Dr. Mitchell is a general practitioner, not a psychologist or psychiatrist, and has no special expertise regarding the claimant's alleged anxiety and panic attacks. While the opinion has been considered, that fact detracts somewhat from the weight it deserves."). The Ninth Circuit has long recognized that a treating physician's opinion on the mental state of his patient constitutes "competent psychiatric evidence" which "may not be discredited on the ground that he is not a board certified psychiatrist." *See, e.g.*, *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995), *as amended* (Apr. 9, 1996). The ALJ did, however, give several *other* reasons to give only partial weight to Dr. Mitchell's testimony, as discussed

above. Accordingly, when faced with these proper considerations, the remaining issue is whether it was harmless error for the ALJ to apply less weight to Dr. Mitchell's reports on Plaintiff's mental health condition due to a lack of specialization. The Court addresses harmless error in *Section C* below.

**B. Objection Two**

Plaintiff's second objection contends that, contrary to the ALJ's decision and R&R, medical records do not reflect her pain being well controlled with conservative treatment. (Obj. at 4) (stating that objective evidence shows her conditions worsening over time and not responding to attempts at intervention such as injections, physical therapy, and pain medications). Accordingly, Plaintiff argues that the ALJ should have given full weight to her testimony of severe, non-improving symptoms as she claimed. (*Id.* at 4–5).

"The Ninth Circuit has established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Tina M. v. Comm'r of Soc. Sec.*, 418 F. Supp. 3d 614, 618 (W.D. Wash. 2019) (quotations omitted). The ALJ must first determine "whether the claimant has presented objective medical evidence of an impairment that 'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the claimant satisfied the first step, the court must then determine if the ALJ's rejection of the claimant's testimony about the severity of symptoms is supported by "specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "An ALJ may reject a plaintiff's symptom testimony if her daily activities contradict her testimony or meet the threshold for transferable work skills." *Tina M..*, 418 F. Supp. at 619 (citing *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007)) (quotations omitted).

Only the second step of the analysis is at issue here. (*See* ALJ's Decision, AR at 56) ("I find that the claimant's medically determinable impairments could reasonably be expected to

cause the alleged symptoms."). The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms are "not entirely consistent with the medical evidence" or Plaintiff's daily activities. (*Id.*). Plaintiff, by contrast, contends that her medical records and testimony about daily activities are not inconsistent with being unable to sit, walk, use her hands, or concentrate throughout a typical workday. (Obj. at 5).

The Court recognizes how "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quotations omitted). But here, evidence showed Plaintiff's activities being more than these minimal tasks. The ALJ cited how Plaintiff "flew out-of-state with her daughter with no problems" and "reported she was able to stay calm during the flight."[2] (ALJ's Decision, AR at 56). The ALJ further noted Plaintiff's report about staying active by volunteering at church summer camp, helping her neighbor, and dog sitting. (*Id.*); (Progress Note dated July 7, 2016, Ex. 19F to AR at 601, ECF No. 17-1). The ALJ also supported the credibility determination with substantial evidence and specific, clear reasons by pointing to Plaintiff's decision not to seek second opinions about orthopedic surgery, and, instead, to continue with routine physical therapy appointments. Altogether, under the applicable standards on appeal, the Court finds that there is substantial evidence in the record to support the ALJ's conclusions concerning Plaintiff's testimony. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009) (Substantial evidence means "more than a mere scintilla, but less than preponderance.").

---

[2] Plaintiff contends there was not enough information in Plaintiff's medical records about the flight for the ALJ to determine that it supported non-severe symptom levels. However, no facts show Plaintiff's travel being so short in duration that it was error for the ALJ to rely on it as support for Plaintiff's ability to complete a normal workday, especially when considering breaks associated with an industry-standard schedule. The ALJ's inference appears reasonable from the objective evidence, and the Court does not find the ALJ's conclusion erroneous in this regard. *Cf. Molina*, 674 F.3d at 1111 ("[W]e must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record").

**C. Objection 3—Harmless Error**

The Court finds two errors with the ALJ's decision: (1) applying less weight to Dr. Mitchell's opinion on mental impairment because he was not a specialist; and (2) rejecting lay witness testimony from Plaintiff's sister on the severity of Plaintiff's symptoms. Accordingly, the next issue is whether those errors were "harmless." Errors are "harmless" when "it is clear from the record" that they were "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). The party "attacking the agency's determination" has the burden of showing that an error is harmful. *Molina*, 674 F.3d at 1111.

The Court finds that Plaintiff has not shown the ALJ's errors to be more than harmless; and thus, the Court does not order remand to the Social Security Administration. Beginning with the weight given to Dr. Mitchell's testimony about Plaintiff's mental health conditions, it does not appear that this error played a role in the ALJ's ultimate findings. (*See* ALJ's Decision, AR at 57) (showing that Dr. Mitchell's opinion "ha[d] been fully considered," and his lack of specialty only detracted "somewhat"). The ALJ extensively noted that the reason for giving only partial weight to Dr. Mitchell's testimony came from inconsistencies in reports and the objective medical evidence. (*Id.*). Though the ALJ should not have detracted weight based solely on Dr. Mitchell not specializing in mental health treatment, substantial evidence and clear and convincing reasons otherwise supported the ALJ's application of partial weight to Dr. Mitchell's opinion. Substantial evidence also supports the ALJ's ultimate findings that Plaintiff's mental impairments do not cause more than minimal limitations.[3] *See Molina v. Astrue*, 674 F.3d 1104, 1115–1116 (9th Cir. 2012) (discussing how, in each case, the court looks to the record as a whole to determine whether an error could alter the outcome).

Next, concerning the statement from Plaintiff's sister, Ms. Baggett-Jefferson, Plaintiff

---

[3] While more weight is generally given to the treating physician's opinion, "it is not . . . necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Dixon v. Saul*, 411 F. Supp. 3d 837, 850 (N.D. Cal. 2019) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

argues that this testimony corroborates Dr. Mitchell's opinion. (Obj. at 6–7). Had the ALJ properly considered it, according to Plaintiff, it would have established a disabling degree of limitation. (*Id.*). However, the Court does not find that the ALJ's error in rejecting Ms. Baggett-Jefferson's testimony was more than harmless, even when combined with the error concerning Dr. Mitchell's opinion. The ALJ provided clear and convincing reasons, supported by substantial evidence, for the conclusion that Plaintiff's mental impairments are non-severe. (*See* ALJ's Decision, AR at 54, 56–57, 58) (citing the opinion of DDS and prior medical records showing a stable, improving condition). Additionally, Ms. Baggett-Jefferson's broad statement that Plaintiff was "unable to work" came before Plaintiff's medical records noting improvement in her mental condition and testimony about her daily activities. (Function Report from Pauline Baggett-Jefferson, Ex. 10E to AR, ECF No. 17-1) (dated December 30, 2015); (Progress Notes, Ex. 19F to AR at 587, 591) (dated January 4, 2016, to June 30, 2017). Indeed, the ALJ considered essentially identical concerns about Plaintiff's limitations when discussing Dr. Mitchell's opinion before ultimately denying benefits due to recent improvements, daily activities, and the opinion of DDS. (ALJ's Decision, AR 54, 56–57, 58). Accordingly, Plaintiff's Objection does not show that the ALJ committed more than harmless error.

///
///
///
///
///
///
///
///
///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Judge Ferenbach's R&R, (ECF No. 21), to the extent that it is consistent with this Order. Plaintiff's Objection, (ECF No. 22), is **OVERRULED in part** and **SUSTAINED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reversal and/or Remand, (ECF No. 18), is **DENIED**, and Defendant's Counter-Motion to Affirm Agency Decision, (ECF No. 19), is **GRANTED**.

The Clerk of Court shall close the case.

**DATED** this __31__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court